ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
VIBHAV MITTAL (Cal. State Bar No. 257874)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7407
    Facsimile: (213) 894-0141
    E-mail: vibhav.mittal@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )   Case No. 11-2779M
                                    )
            Plaintiff,              )
                                    )   GOVERNMENT'S NOTICE OF REQUEST
                                    )   FOR DETENTION
       v.                           )
                                    )
SAMUEL NWABUEZE,                    )
                                    )
            Defendant.              )
_____)

       Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

       ____  1.  <u>Temporary 10-day Detention Requested (§ 3142(d))</u>
                 <u>on the following grounds</u>:

             ____  a.  present offense committed while defendant was on
                       release pending (felony trial), (sentencing),
                       (appeal), or on (probation) (parole); <u>or</u>

|   |   |   |
|---|---|---|
| ___ | b. | defendant is an alien not lawfully admitted for permanent residence; <u>and</u> |
| ___ | c. | defendant may flee; or |
| ___ | d. | pose a danger to another or the community. |
| _X_ | 2. | <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure</u>: |
| _X_ | a. | the appearance of the defendant as required; |
| _X_ | b. | safety of any other person and the community. |
| ___ | 3. | <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>: |
| ___ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| ___ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ___ | 4. | <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>: |
| ___ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ___ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and |

```
flight risk);
____ c. offense involving a minor victim under 18 U.S.C.
       §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245,
       2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-
       2252A(a)(4), 2260, 2421, 2422, 2423 or 2425
       (presumption of danger to community and flight
       risk);
____ d. defendant currently charged with an offense
       described in paragraph 5a - 5e below, AND
       defendant was previously convicted of an offense
       described in paragraph 5a - 5e below (whether
       Federal or State/local), AND that previous
       offense was committed while defendant was on
       release pending trial, AND the current offense
       was committed within five years of conviction or
       release from prison on the above-described
       previous conviction (presumption of danger to
       community).
  X  5. Government Is Entitled to Detention Hearing
       Under § 3142(f) If the Case Involves:
____ a. a crime of violence (as defined in 18 U.S.C.
       § 3156(a)(4)) or Federal crime of terrorism (as
       defined in 18 U.S.C. § 2332b(g)(5)(B)) for which
       maximum sentence is 10 years' imprisonment or
       more;
____ b. an offense for which maximum sentence is life
       imprisonment or death;
```

1      \_\_\_\_ c. Title 21 or MDLEA offense for which maximum
2             sentence is 10 years' imprisonment or more;
3      \_\_\_\_ d. any felony if defendant has two or more
4             convictions for a crime set forth in a-c above or
5             for an offense under state or local law that
6             would qualify under a, b, or c if federal
7             jurisdiction were present, or a combination or
8             such offenses;
9      \_\_\_\_ e. any felony not otherwise a crime of violence that
10            involves a minor victim or the possession or use
11            of a firearm or destructive device (as defined in
12            18 U.S.C. § 921), or any other dangerous weapon,
13            or involves a failure to register under 18 U.S.C.
14            § 2250;
15     __X__ f. serious risk defendant will flee;
16     \_\_\_\_ g. serious risk defendant will (obstruct or attempt
17            to obstruct justice) or (threaten, injure, or
18            intimidate prospective witness or juror, or
19            attempt to do so).
20 \_\_\_\_ 6. Government requests continuance of \_\_\_\_ days for
21       detention hearing under § 3142(f) and based upon the
22       following reason(s):
23       _____
24       _____
25       _____
26 //
27 //
28

\_\_\_\_    7.    Good cause for continuance in excess of three days exists in that:

_____

_____

_____

DATED: \_November 18, 2011_____    Respectfully submitted,

\_/s/_____
VIBHAV MITTAL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA